**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

———————————————————————

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                   **v.**       **10-CR-191A(Sr)**

**RODNEY HILL, et al.,**

       **Defendants.**

———————————————————————

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #3.

## PRELIMINARY STATEMENT

The defendant, Joseph Marble ("Marble"), along with nineteen others, is charged in a multi-count Superseding Indictment (Dkt. #296) with conspiracy to possess with intent to distribute cocaine and cocaine base and three counts of using a telephone to facilitate possession with intent to distribute and distribution of controlled substances. Presently pending is the government's motion to reconsider this Court's March 26, 2012 Report, Recommendation and Order (Dkt. #433) wherein this Court recommended, *inter alia*, the suppression of certain evidence obtained pursuant to Title III intercept orders.[1]

---

[1] In my Report, Recommendation and Order filed March 26, 2012, I recommended the suppression of evidence obtained in connection with two different

## **FACTS**

Defendant Marble filed his dispositive and non-dispositive pretrial motions on November 29, 2011. Dkt. #366. Among the multiple bases for relief articulated in those pretrial motions, defendant Marble sought the suppression of wiretap evidence by reason of, *inter alia*, the government's failure to timely seal the tapes of the intercepted wire and electronic communications. *Id*. at pp.69-70. In its initial response to defendant's Marble's motion to suppress based on the failure to timely seal filed on December 10, 2011 (Dkt. #381), the government stated,

> [t]he Government needs to obtain further information to properly respond to defendant's motion and therefore seeks leave to file an additional response on this issue. The Government believes that all intercepts were sealed in a timely fashion as required under applicable authorities.

Dkt. #381, p.25. Despite his request to file an additional response on this issue, counsel for the government failed to raise this matter during the December 14, 2011 oral argument on the pretrial motions. Moreover, counsel for the government did not file an additional response. On March 15, 2012, this Court issued a Text Order stating as follows:

> Defendant Joseph Marble has filed a motion asserting that the time within which the government sealed the recordings of the intercepted electronic and wire communications (Dkt. #366) was not satisfactory pursuant to Title 18, United States Code, Section 2518(8)(a) and this Court deems the response of the government (Dkt. #381) to be inadequate. This Court examined the sealing orders in question and

---

Title III intercept orders. The government has only sought reconsideration of that portion of my Report, Recommendation and Order recommending the suppression of the evidence obtained pursuant to the intercept order assigned Miscellaneous Criminal Number 09-MR-97.

> those sealing orders indicate that the sealing did not immediately occur in all instances and therefore, the government is hereby ordered to submit an in camera explanation for each delay no later than 5:00 p.m. on March 20, 2012. See, United States v. Vazquez, 605 F.2d 1269 (2d Cir. 1979); United States v. Wong, 40 F.3d 1347 (2d Cir. 1994); United States v. Gallo, 863 F.2d 185 (2d Cir. 1988), cert. denied, 484 U.S. 1083 (1989); United States v. Massino, 784 F.2d 153 (2d Cir. 1986). SO ORDERED. Issued by Hon. H. Kenneth Schroeder, Jr. on March 15, 2012.

Dkt. #418. Although counsel for the government filed an affidavit on March 20, 2012 (Dkt. #425), it failed to adhere to this Court's directive that the affidavit be filed under seal and that affidavit was filed as a matter of public record. In that affidavit, with respect to the failure to timely seal the Title III Order assigned Miscellaneous Criminal Number 09-MR-97 for the period November 5, 2009 to December 6, 2009, counsel for the government stated, in part, "[a]n inquiry with District Judge Skretny's Courtroom Deputy indicated that Judge Skretny did not have a calendar on Tuesday, 12/08/09 and Wednesday, 12/09/09, and therefore was not available for the disc to be sealed until 12/10/2009." Dkt. #425, ¶ 7. In my Report, Recommendation and Order, I stated,

> First, the government has failed to explain the delay in removing the disc from Voice Box from December 6, 2009 at 8:00 a.m. when the Order expired and December 10, 2009, when it states the disc was removed from Voice Box, a delay of four days. Second, the government has failed to explain why the sealing Order could not have been presented to Chief Judge Skretny on December 7, 2009 and instead merely chose to explain why Chief Judge Skretny was not available on December 8, 2009 and December 9, 2009. Moreover, the government has failed to explain why the sealing Order could not have been obtained from one of the other four District Judges in the Western District of New York. See *United States v. Rodriguez*, 786 F.2d 472, 477 (2d Cir. 1986) and *United States v. Vazquez*, 6-5 F.2d 1269, 1280 n.25 (2d Cir. 1979). As a result, there being an

> inadequate explanation as to why the government did not timely obtain a sealing order, it is recommended that the recordings obtained pursuant to the Order filed in 09-MR-97 be suppressed.

Dkt. #433, p.26.

On April 3, 2012, counsel for the government sought an extension of time from District Judge Arcara to file objections to this Court's Report, Recommendation and Order. Dkt. #440. As set forth in my Report, Recommendation and Order, objections had to be filed within fourteen (14) days after receipt of a copy of the Report, Recommendation and Order. Here, objections to this Court's Report, Recommendation and Order filed March 26, 2012 are due April 9, 2012. In its motion for an extension of time, counsel for the government explained that it would be filing later that same day (April 3, 2012) a motion for reconsideration of this Court's Report, Recommendation and Order. By Text Order issued April 4, 2012, District Judge Arcara denied the request for an extension of time (Dkt. #444) stating,

> The motion of the United States for an extension of time 440 to file objections to the Report and Recommendation 433 suppressing evidence is denied. The United States did not file a request for reconsideration before the Magistrate Judge within the time it represented it would do so, but if it later files a motion for reconsideration, and reconsideration is granted by the Magistrate Judge, the United States may reapply for an extension of time to file objections. Issued by Hon. Richard J. Arcara on April 4, 2012.

Dkt. #444. Later in the day on April 4, 2012, counsel for the government did file its motion for reconsideration (Dkt. #450) and sought to submit the affidavit in support of

that motion *ex parte* and under seal. Thereafter, also on April 4, 2012, this Court issued a Text Order (Dkt. #453) wherein it stated,

> Since this is a motion for reconsideration, counsel for the government is hereby directed to file as a matter of public record the Affidavit of AUSA Robert C. Moscati sworn to on April 4, 2012 and Exhibit A thereto, submitted to this Court "in camera under seal." Because the documents appended to the Moscati Affidavit as Exhibit B contain personally identifying information, as well as medical/health information, Exhibit B will be maintained under seal. SO ORDERED.

Dkt. #453. Also on April 4, 2012, citing that time is of the essence for the reasons previously stated, this Court issued a further Text Order wherein it directed counsel for the parties to appear before this Court on April 6, 2012 at 10:00 a.m. for the purposes of addressing the government's motion seeking reconsideration. Dkt. #454. The Affidavit of Assistant United States Attorney Robert C. Moscati and the Affidavit of George C. Burgasser attached as Exhibit A thereto were properly publicly filed on April 6, 2012 (Dkt. #458). This Court heard oral argument on the government's motion for reconsideration on April 6, 2012.

## DISCUSSION AND ANALYSIS

I have undertaken reconsideration of my original Report, Recommendation and Order filed March 26, 2012 (Dkt. #433) as requested in the government's motion filed April 4, 2012 (Dkt. ##450 and 458). In so reconsidering, I have carefully reviewed the affidavits of Assistant United States Attorneys Moscati and Burgasser submitted in support of that motion for reconsideration. *See* Dkt. #458 and Exhibit A thereto. These affidavits are proffered for the purpose of expanding the

explanation of the government as to why the sealing order for the wiretap obtained from United States District Judge Willam M. Skretny on November 5, 2009 and assigned Miscellaneous Criminal Number 09-CR-97 was not timely obtained from the District Court as required under Title 18, United States Code, Section 2518(8)(a).[2]

The information submitted in support of the motion for reconsideration was certainly available to the government at the time the original explanation for the delay in obtaining the sealing orders was sought by this Court (March 15, 2012, Dkt. #417) and filed by counsel for the government on March 20, 2012 (Dkt. #425).  Further, the Affidavit of AUSA Moscati, the Affidavit of the AUSA handling the matter at the time, AUSA Burgasser, and the attachment thereto (filed under seal), clearly establish that although AUSA Burgasser was home ill, he was in communication with his office on Monday, December 7, 2009 regarding matters involving this case and therefore he could have easily requested that one of his colleagues take the necessary steps in obtaining a sealing order from the District Judge on Monday, December 7, 2009.  No adequate explanation has been provided to this Court as to why that was not done.

Instead, counsel for the government voluntarily decided to wait until Tuesday, December 8, 2009 to contact the Chambers of District Judge Skretny who issued the Order, thereby allowing a delay of two days from the expiration of the Order. The government next asserts that the advice given by the Courtroom Deputy of the

---

[2] As provided in District Judge Skretny's November 5, 2009 Order authorizing the interception of wire communications, the Order expired on Sunday, December 6, 2009.

District Judge, *to wit*: that the District Judge "did not have a calendar on December 8, 2009 and December 9, 2009" justified not obtaining a sealing order until Thursday, December 10, 2009.  However, this Court did not receive an adequate explanation to its questions to counsel for the government as to what it meant by "the District Judge did not have a calendar on Tuesday, December 8, 2009 and Wednesday, December 9, 2009."  To this Court, the fact that the District Judge did not have a calendar does not mean that the District Judge was not available in Chambers.  It is my opinion that counsel for the government was obligated to pursue that approach, *i.e.* to ask to see the District Judge for the purpose of presenting and obtaining a sealing order.  Instead, counsel for the government merely accepted the advice of the Courtroom Deputy and waited until December 10, 2009 to obtain a sealing order from the District Judge.

When this Court pressed counsel for the government as to why the government did not attempt to present the matter to another District Judge, which it could have done under the caselaw cited in my original Report, Recommendation and Order (Dkt. #433), counsel for the government stated that it was the government's understanding by reason of a directive issued by then-Chief Judge Arcara that only the issuing judge (District Judge Skretny) was to be presented with such sealing orders since that was the understood policy of the practice in the district.  It is my opinion that this understanding of the government's counsel is a warped one since I believe the practice in this district to be that all Title III **applications** were to be presented to District Judge Skretny, but that there was not a restriction on undertaking the ministerial act of obtaining a sealing order from any other District Judge in the district when and if District

Judge Skretny was not available.  Counsel for the government admits that there were four other District Judge's in the district at the time who could have signed the sealing order on December 8, 2009 or December 9, 2009.

Therefore, when I consider the government's explanation in attempting to justify its failure to timely obtain a sealing order, I find that counsel for the government failed to undertake due diligence in discovering why the delay occurred and further failed to give the Court an explanation as it requested in its Text Order filed on March 15, 2012 (Dkt. #418), since that information was available to counsel for the government and could have been presented to the Court in the affidavit filed on March 20, 2012 (Dkt. #425) prior to the issuance of this Court's Report, Recommendation and Order.  However, even if this information had been provided in a timely fashion, that explanation, in this Court's opinion, is not sufficient for the reasons stated above to justify the delays herein.

The provisions contained in Title 18, United States Code, Section 2518(8)(a) require strict compliance because of the nature of the intrusions that it authorizes.  I therefore find that the government's explanation attempting to justify its failure for not obtaining a sealing order "immediately upon the expiration of the period of the order" is insufficient.

As a collateral matter, I find that the approach of the government in seeking relief herein is procedurally defective in that the government sought to obtain

an extension of time within which to file objections to this Court's March 26, 2012 Report, Recommendation and Order with the trial judge thereby removing this matter from this Court to the trial judge.  The proper procedure would have been for the government to first file its motion for reconsideration of this Court's Report, Recommendation and Order and then, based on that application, request an extension of time from the trial judge to file objections once this Court had decided the motion for reconsideration.  Nevertheless, I have chosen not to place legal form over substance so as not to delay this case any further especially considering the June 14, 2012 trial date and have reconsidered my original Report, Recommendation and Order as requested by the government based on what has been submitted in the present motion.  Due consideration having been had thereon, for the reasons set forth above, I deny the relief sought by the government and continue to recommend suppression of the evidence. *See* Dkt. #433.  As a result, the government will now be in a position to present a complete picture to the trial judge by way of filing objections and seeking to have the trial judge reject this Court's Report, Recommendation and Order.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and

Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:	Buffalo, New York
	April 6, 2012

                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.
                              United States Magistrate Judge**